**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**-------------------------------------------------------------------------X**
**Jeffrey Rosselli,**

                 **Plaintiff(s),**

    **-against-**

**Queens Motor Cars, LLC d/b/a Northstar Kia,**

         **Defendant(s).**
**-------------------------------------------------------------------------X**

                                  **Index No.:**

                                  **Jury Trial Demanded**

       **AS AND FOR PLAINTIFF'S COMPLAINT,** in the above-captioned action, plaintiff Jeffrey Rosselli ("Plaintiff"), by and through Plaintiff's attorneys, Kasell Law Firm, alleges as follows:

## PARTIES

1. At all times mentioned herein Plaintiff, Jeffrey Rosselli, was and is an individual residing 8921 Hunters Creek Dr., Indianapolis, IN.

2. Upon information and belief, at all times herein mentioned, Defendant Queens Motor Cars, LLC d/b/a Northstar Kia ("Defendant" or "Northstar Kia") was and is a New York Corporation with its principal place of business in the County of Queens at 61-07 Northern Blvd., Woodside, NY. Defendant is engaged in the business of selling and servicing used motor vehicles. Defendant is also engaged in the financing and arranging of financing of motor vehicles that it sells to the public.

## JURISDICTION AND VENUE

3. Jurisdiction is premised on 15 U. S. C. § 1640(e) and 28 U.S.C. §§ 1331 and 1337.

4.  Plaintiff instituted this action or actual damages, statutory damages, attorneys' fees and costs against Defendant for violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et. seq.* (hereinafter "TILA") and Federal Reserve Board Regulation Z, 12 C.F.R. § 1026, promulgated pursuant thereto, and for related and unrelated violations of: New York General Business Law §198-b; New York General Business Law § 349; and the federal Magnuson Moss Warranty Act.

5.  Venue in this District is proper in that the conduct complained of occurred here.

## STATUTORY FRAMEWORK
## TILA

6.  The Truth in Lending Act ("TILA") is a federal law designed to protect consumers in credit transactions by requiring clear and conspicuous disclosure of key terms of the lending agreement and all costs. The statute is contained in title I of the Consumer Credit Protection Act, as amended, 15 USC §§ 1601 *et seq*. The regulations implementing the statute, which are known as an as "Regulation Z" are codified at 12 C.F.R. § 1026. The purpose of TILA is to promote the informed use of consumer credit by requiring disclosures about its terms and cost.

7.  The retail installment sales contract ("RISC") is the document that a consumer is supposed to receive in which the requisite TILA disclosures are to be made.

## BACKGROUND

8.  Plaintiff was looking to purchase a used automobile when he found a 2022 Honda CR-V, VIN 7FARW2H99NE053930 (the "Vehicle")that was advertised on Autotrader by Defendant for $25,495. A copy of the advertisement is attached as Exhibit "A".

9.    Plaintiff contacted Defendant on November 12, 2025. Defendant's employee, Naomi, confirmed both the advertised price and the Manheim Market Report (MMR) trade-in value for Plaintiff's vehicle.

10.    Plaintiff drove from Indianapolis, Indiana to Defendant's dealership in Queens to complete the transaction.

11.    Plaintiff expressly informed Defendant that he did not want any additional products or add-ons.

12.    Although Plaintiff had been approved by his credit union, Forum Credit Union, for a 72 month loan of $27,800 at an annual percentage rate of 6.34% with monthly payments of $466.35 Defendant, in a first TILA violation, required Plaintiff to finance the Vehicle through a lender provided by Defendant at the rate of 9.06%.

13.    After more than 6½ hours at the dealership, Plaintiff left with the Vehicle and a packet of documents.

14.    The next day, while reviewing the documents at his brother-in-law's home in New Jersey, Plaintiff discovered that Defendant had not honored the advertised— and agreed upon price of $25,495 and had instead charged him a cash price of $34,700. An inexplicable difference of more than $9,200. A copy of the retail installment contract (RISC) is attached as Exhibit "B".

15.    Plaintiff also discovered documents within the packet that he had never seen before, containing initials and signatures that Plaintiff denies placing.

16.    Plaintiff learned that Defendant had charged him for a Lojack system and a tire warranty—items Plaintiff did not request or agree to purchase.

17.    Notably, in the section of the RISC—amounts paid to others on your behalf- where

one would expect to see the Lojack and the tire warranty, nothing is listed.

18.    When Plaintiff contacted the purported third-party vendors, neither had any record of Plaintiff or the vehicle, confirming that Defendant charged Plaintiff for products that were never provided, never activated, and then forced Plaintiff to finance those nonexistent items, as well as paying taxes on the higher inflated Vehicle price.

### FIRST CAUSE OF ACTION

### MULTIPLE VIOLATIONS OF THE TRUTH IN LENDING ACT

19.    Plaintiff repeats the allegations set forth in paragraphs 1 - 17 as if fully set forth at length herein.

20.    At all times relevant hereto, Defendant regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and are the persons to whom the transaction which is the subject of this action is initially payable, making Defendant a creditor within the meaning of TILA, 15 U.S.C. § 1602 (f) and Regulation Z § 1026.2(a)(17).

21.    Plaintiff and Defendant entered into a consumer credit transaction that was memorialized in an agreements covered by the TILA as purported by the terms memorialized in the RISC.

22.    Defendant violated TILA because Plaintiff financed the cost of Lojack but Defendant never provided Lojack.

23.    Defendant further violated TILA because Plaintiff financed the cost of a tire warranty but Defendant never provided the tire warranty.

24.    As a result of Defendant's failures the disclosures in the RISC were necessarily

inaccurate.

25. Plaintiff relied on these inaccurate disclosures to his detriment.

26. Plaintiff is therefore entitled to actual damages, statutory damages and punitive damages.

27. Plaintiff is also entitled to reasonable attorneys' fees and expenses.

## SECOND CAUSE OF ACTION

## VIOLATION OF GENERAL BUSINESS LAW § 349

28. Plaintiff repeats the allegations set forth in paragraphs 1 – 26 as if fully set forth at length herein.

29. New York General Business Law § 349 prohibits the use of deceptive or unfair practices in the conduct of any business, trade or commerce or in the furnishing of any service in New York.

30. The conduct alleged herein, and the sale and financing of vehicles is consumer oriented conduct as it has the demonstrated potential to be repeated with other consumers.

31. Defendant engaged in deceptive acts and practices that damaged Plaintiff by charging for Lojack that was never provided or effectuated.

32. Defendant engaged in deceptive acts and practices that damaged Plaintiff by charging Plaintiff for a tire warranty that it never provided.

33. Defendant's actions and practices were misleading in a material respect and Plaintiff has been damaged as a result.

34. Plaintiff hereby demands that all attorneys' fees, costs, and other fees of this action be borne by Defendant and that the Court award Plaintiffs' actual damages, as well

as punitive damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF GENERAL BUSINESS LAW § 350

35. Plaintiff repeats and realleges paragraphs 1–33.

36. Defendant engaged in false advertising by publishing misleading representations
   about the Vehicle's price on public sales platforms.

37. The advertisements were materially deceptive and likely to mislead reasonable
   consumers.

38. Plaintiff relied on these false advertisements to his detriment and suffered injury as a
   result.

39. Plaintiff seeks damages, punitive damages, and attorneys' fees pursuant to GBL §
   350-e.

### FOURTH CAUSE OF ACTION

### FRAUD

40. Plaintiff repeats the allegations set forth in paragraphs 1- 38 as if fully set forth at
   length herein.

41. Defendant made material omissions and misrepresentations of facts regarding the

Defendant's sale of a service contract to Plaintiff and the licensing and registering of the vehicle.

42. Defendant knew these omissions and misrepresentations were false.

43. Defendant made these omissions and misrepresentations for the purpose of inducing Plaintiff to rely upon them.

44. Plaintiff did, in fact, justifiably rely on the misrepresentations and material omissions by Defendant.

45. Plaintiff has been damaged as a result of the omissions and misrepresentations of Defendant.

WHEREFORE plaintiff is entitled to:

a.      Refund of the difference between the advertised price and the sale price;
b.      Return of the purchase price for a service contract that was never purchased or effectuated;
c.      Return of the purchase price for a tire warranty that was never purchased or effectuated;
d.      Return of all collateral charges incurred by Plaintiff including costs, cost of "cover," and loss of use of the vehicle;
e.      Statutory damages;
f.      Twice the amount of the finance charge;
g.      Prejudgment interest at the prime rate as of the date of this cause of action;
h.      All reasonable attorney fees, witness fees and costs, all court costs and other fees incurred by Plaintiff, and such other and further relief that the Court deems just and appropriate.

DATED: Long Island City, New York
          December 4, 2025

                                        /s/_____
                                        David M. Kasell, Esq. (DK-7753)
                                        Kasell Law Firm
                                        Attorneys for Plaintiff
                                        1038 Jackson Avenue, #4
                                        Long Island City, NY 11101
                                        (718) 404-6668